IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

PATRICK CLARK                                                                          PLAINTIFF

V.                                         NO. 3:05cv00160 JWC

MICHAEL J. ASTRUE,
Commissioner, Social
Security Administration[1]                                                      DEFENDANT

ORDER

Plaintiff has filed a motion for attorney's fees and expenses pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 (doc. 21).  The Commissioner contends that the fee request should be denied or limited because an EAJA award would be unjust under the circumstances presented (doc. 23).

I.

Under the EAJA, a prevailing social security claimant is entitled to an award of reasonable attorney's fees and expenses unless the Commissioner's position in denying benefits was "substantially justified" or special circumstances make an award unjust.  28 U.S.C. § 2412(d)(1)(A).  A claimant who wins a sentence-four remand order, such as the one entered in this case (doc. 19, 20), is a prevailing party entitled to EAJA fees.  *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993).  Nevertheless, a court may, in its discretion, reduce or deny an EAJA award " to the extent that the prevailing party during the course of the proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy."  28 U.S.C. § 2412(d)(1)(C).

---

[1]Michael J. Astrue was sworn in as the Commissioner of Social Security on February 12, 2007.  He is therefore substituted for Jo Anne B. Barnhart pursuant to Fed.R.Civ.P. 25(d)(1).

At the close of the administrative hearing on Plaintiff's claim in December 2004, the ALJ stated that he was holding the record open so that Plaintiff could submit medical reports from an upcoming doctor's appointment in January or February 2005. (Tr. 13, 63-64.) Plaintiff's counsel agreed that he would submit the records. (Tr. 64.) After the hearing, counsel submitted an additional medical report of a visit on December 30, 2004, reflecting ongoing back problems and advising follow-up in two months, which would have been February or March 2005. (Tr. 64-65, 296-99.) No further records were submitted, and the ALJ rendered his decision on May 27, 2005. (Tr. 19.) In his request for administrative review by the Appeals Council of the ALJ's decision, counsel did not submit any additional medical evidence or argue that the record was inadequately developed. (Tr. 8.)

In seeking judicial review in this Court of the final administrative decision, Plaintiff argued that the ALJ failed to develop the record by obtaining more current information from his doctors regarding his lumbar spine condition and its impact on his work capabilities and daily activities (doc. 13, at 13-18). The Court agreed, reversing and remanding because the ALJ did not fully develop the record in this regard (doc. 19, at 3-5, 8). In doing so, the Court noted in footnote 3:

> This is not to say that the Court places the full responsibility on the ALJ. Counsel for Plaintiff could also be faulted for failing to seek to add the additional medical. There is an unfortunate tendency on the part of lawyers representing claimants to raise points before this Court that they could have raised at the administrative level. The failure to do so, while placing counsel in the position of obtaining a fee award, is unfair to both claimants and the United States because it adds additional delay and expense in the final resolution of these cases. The Court is ordering remand in this case in fairness to the claimant. Perhaps courts should consider sanctions in the form of partial or complete denial of fees for work done in obtaining remand when this has occurred, but that question is not presently before the Court.

2

Now presented with the question, the Court finds that counsel's EAJA fee award should be reduced by sixty percent as a sanction for failing to first seek the specified medical information, then arguing that the ALJ failed to develop the record in this regard, thereby obtaining a remand. If counsel had sought the missing information before the administrative proceedings concluded, Plaintiff's claim would have been resolved sooner. The fee award, as calculated below, will be reduced accordingly.

## II.

Plaintiff seeks an EAJA award for work done at the district court level by his attorney (1.2 hours in 2005 at an hourly rate of $156.00 and 9.3 hours in 2006 at an hourly rate of $162.00) and by paralegal assistants (4.85 hours at an hourly rate of $75.00), for a total fee award of $2,057.55. Additionally, he seeks reimbursement of expenses in the amount of $13.95.

The EAJA provides that attorney fees "shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). *See Pierce v. Underwood*, 487 U.S. 552, 571 (1988). The increased rates requested by Plaintiff reflect an agreement between Plaintiff's counsel and the Office of General Counsel, Region VI, Social Security Administration, to calculate attorney's fees on an annualized basis using the mid-year Consumer Price Index for All Urban Consumers (CPI-U) (doc. 22, at 10-11). Counsel submits the applicable CPI-U figures to support the increased rates (doc. 22, at 19). Counsel also submits affidavits to establish $75.00 an hour as the prevailing market rate for paralegal work (doc. 22, at 17-18). *See Missouri v. Jenkins*, 491 U.S. 274, 289 (1989)

(paralegals are to be compensated at the market rate).

Counsel's itemization (doc. 22, at 20-22) establishes that the number of attorney and paralegal hours, as well as the expenses, were reasonably expended in representation of Plaintiff.

As stated, counsel's fee request, totaling $2,057.55, will be reduced by sixty percent. Therefore, the Court will approve an EAJA fee award of $823.02, along with the requested expenses of $13.95.

### III.

Accordingly, it is hereby ORDERED

(1) That Plaintiff's motion for attorney's fees and expenses pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (doc. 21) is granted in part and denied in part;

(2) That Plaintiff's attorney is entitled to an attorney's fee in the amount of $823.02, together with expenses of $13.95, for a total of $836.97, all pursuant to the EAJA; and

(3) That the Commissioner is directed to certify and pay to Anthony Bartels, attorney for Plaintiff, the amount awarded pursuant to the EAJA.

IT IS SO ORDERED this 25th day of April, 2008.

_____
UNITED STATES MAGISTRATE JUDGE